IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PIPE FREEZING SERVICES, INC.**                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:12cv207-KS-MTP**

**FEDEX GROUND PACKAGE SYSTEM, INC.**
**DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Partial Motion to Dismiss [3] of Defendant FedEx Ground Package System, Inc. ("FedEx").  For the reasons stated below, the Court finds that the motion is well taken and should be granted.

## I.  BACKGROUND

On October 15, 2012, Plaintiff Pipe Freezing Services, Inc. filed suit against FedEx in the County Court of Forrest County, Mississippi, alleging that FedEx failed to deliver one of three (3) Cryogenic Cold Ends that Plaintiff shipped from Mississippi to Texas.  (*See* Complaint for Damages Under Carmack Amendment and Related State Claims ("Compl.") [1-1 at ECF p. 7].)  The Complaint asserts that the Plaintiff is in the business of pipe freezing through the use of liquid nitrogen for the purpose of repairing pipes and pipelines.  (*See* Compl. [1-1] at ¶ II.)  It is also stated that "Cryogenic Cold Ends" are utilized during the pipe freezing process in order for nitrogen to be delivered from storage tanks to the pipes or pipelines being repaired.  (*See* Compl. [1-1] at ¶ II.) Plaintiff alleges that on or about May 1, 2012, FedEx picked up (3) Cryogenic Cold Ends from Plaintiff's place of business in Forrest County, Mississippi, for shipment to Spring, Texas.  (*See* Compl. [1-1] at ¶ III.)  Plaintiff contends that upon delivery two days later,

one of the Cryogenic Cold Ends was missing from the shipment. (*See* Compl. [1-1] at ¶ III.) Plaintiff subsequently submitted a claim form to FedEx regarding the lost equipment, and on May 14, 2012, FedEx denied the claim on the basis "that the original shipping cartons, packing materials and contents were not available for our inspection", as required by the terms and conditions governing the shipment. (*See* Compl. [1-1] at ¶¶ VI-VII.) Plaintiff seeks $19,500.00, the declared value of the May 1, 2012 shipment, as well as damages for FedEx's purported false and fraudulent representation that the original shipping materials were not made available for inspection. (*See* Compl. [1-1 at ECF p. 11].)

On November 14, 2012, FedEx removed the proceeding to this Court. (*See* Notice of Removal [1].) Federal jurisdiction is grounded upon Plaintiff's claim under Title 49 U.S.C. § 14706, commonly referred to as the Carmack Amendment. Congress passed the Carmack Amendment in 1906 as an amendment to the Interstate Commerce Act. Under the Carmack Amendment, a motor carrier or freight forwarder may be held liable "for the actual loss or injury to the property . . . ." 49 U.S.C. § 14706(a)(1). Removal to federal court is permissible if the matter in controversy with respect to the § 14706 claim exceeds $10,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1337(a), 1445(b).

On December 10, 2012, FedEx filed its Partial Motion to Dismiss [3] pursuant to Federal Rule of Civil Procedure 12(b)(6). FedEx seeks dismissal of Plaintiff's state law fraudulent misrepresentation claim on the basis that it is preempted by the Carmack Amendment. Plaintiff has not responded to the motion.

## II.  DISCUSSION

### A.  Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted).  Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)), *cert. denied*, 133 S. Ct. 192 (2012).

Plaintiff has not filed a response to the Partial Motion to Dismiss [3] and the time

for Plaintiff's response has passed. However, the Court must still consider the merits of the motion and the legal sufficiency of the Complaint given the dispositive nature of the relief requested by FedEx. *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, — F.3d —, 2012 WL 6200374, at *9 (5th Cir. 2012) ("Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint.") (citations omitted); *see also* L.U.Civ.R. 7(b)(3)(E).

**B.     Analysis**

FedEx asserts that Plaintiff's state law claim for fraudulent misrepresentation is completely preempted by the Carmack Amendment because this suit is based on the loss of a package shipped in interstate commerce. "[T]he liability of a carrier for damage to an interstate shipment is a matter of federal law controlled by federal statutes and decisions." *Mo. Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S. Ct. 1142, 12 L. Ed. 2d 194 (1964). One of those federal statutes, the Carmack Amendment, was passed to supersede "diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *N.Y., N.H. & Hartford R. Co. v. Nothnagle*, 346 U.S. 128, 131, 73 S. Ct. 986, 97 L. Ed. 1500 (1953) (citations omitted); *see also Air Prods. & Chems., Inc. v. Ill. Cent. Gulf. R.R. Co.*, 721 F.2d 483, 486 (5th Cir. 1983) (noting that the purpose of the Amendment "was to substitute a paramount and uniform national law as to the rights and liabilities of interstate carriers"). Accordingly, all Circuit Courts of Appeals have found that Carmack's broad scope preempts "state law claims, whether they contradict or supplement Carmack remedies." *Coughlin v. United Van Lines, LLC*, 362 F. Supp. 2d 1166, 1168-69 (C.D. Cal. 2005)

(citing cases, including *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir. 1993)). In *Moffit*, the Fifth Circuit affirmed the trial court's dismissal of various state law tort allegations, such as fraud and misrepresentation, arising from the delayed interstate shipment of household goods and furnishings. *See* 6 F.3d at 305-06. The Fifth Circuit held that the failure to dismiss the state law claims on Carmack preemption grounds "would only defeat the purpose of the statute, which was to create uniformity out of disparity." *Id.* at 307.

It is undisputed that this lawsuit arises from the Plaintiff retaining FedEx's services for the interstate shipment of goods from Forrest County, Mississippi to Spring, Texas. (*See* Complaint [1-1] at ¶ III; Answer [5] at ¶ III.) It is also undisputed that the Plaintiff seeks damages from FedEx as a "motor carrier" under the Carmack Amendment for its alleged loss of certain equipment during the shipment. (*See* Complaint [1-1] at ¶¶ VIII, XI.) Plaintiff's state law claim of fraudulent misrepresentation arises from, and is inextricably intertwined with its Carmack damage claim for lost equipment. (*See* Complaint [1-1 at ECF p. 11], alleging that Defendant attempted "to falsely and fraudulently mislead Plaintiff into believing it had no right to recover for its loss"). The Court thus finds that Plaintiff's state law claim for damages is preempted by the broad and sweeping scope of the Carmack Amendment. "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*." *Tran Enters., LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1008, 1010 (5th Cir. 2011) (finding that Texas state law claims arising from a carrier's failure to remit collect-on-delivery payments were preempted by the Carmack Amendment); *see also Rini v.*

*United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (holding that Carmack preemption encompassed alleged negligence and misrepresentation taking "place in the course of settling a claim for damages" resulting from an interstate shipment).

### III.  CONCLUSION

Plaintiff's state law claim of fraudulent misrepresentation is preempted by the Carmack Amendment, 49 U.S.C. § 14706.

IT IS THEREFORE ORDERED AND ADJUDGED that FedEx's Partial Motion to Dismiss [3] is granted and that Plaintiff's claim of fraudulent misrepresentation is dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 24th day of January, 2013

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE